[No. 13200.   Department Two. — October 1, 1889.]

In the Matter of the Estate of ELIZABETH D. TRAYLOR, Deceased.

Will — Direction to Purchase Land — Devise Void for Uncertainty. — A provision in a will requiring the executor to purchase, "at a price not exceeding $——, a tract of land at or near the residence of said Wilsons at Santa Barbara, for a cattle pasture, the free and exclusive use of which the said Wilsons shall have during their lifetime and the survivor of them, but which tract of land shall at the death of both of them vest in fee in their daughter," — is void for uncertainty.

Appeal from a judgment of the Superior Court of the city and county of San Francisco distributing the estate of a deceased person.

The facts are stated in the opinion of the court.

*Selden S. & George T. Wright,* and *Harmon Bell,* for Appellants.

*D. William Douthitt,* for Respondent.

McFarland, J.—This is an appeal taken by Joseph and Margaret Wilson and Kitty Bell from a judgment of the court below construing the will of the deceased and ordering a distribution of the residue of the estate to the heir at law. The only point made by appellants is, that the court erred in holding void for vagueness and uncertainty the following clause of the will:—

"I also require my said executors to purchase, at a price not exceeding $——, a tract of land at or near the resi-

dence of said Wilsons at Santa Barbara for a cattle pasture, the free and exclusive use of which the said Wilsons shall have during their lifetime and the survivor of them, but which tract of land shall at the death of both of them vest in fee in their daughter, Kitty Bell."

We think that the judgment of the superior court was right. Counsel for appellants argue the case, mainly, as if the only question were, Did the failure to state the amount to be expended render the devise void? But that is only half of the problem. If there had been any certainty in the description, or, indeed, any description at all, of the land directed to be purchased, it may be that the will should have been construed as directing the purchase of the land decribed, no matter what it might cost. But when we go from the blank dollar-mark to look for a description of the land, we come upon another blank as empty as the first. There is no description, either by common name, or by metes and bounds, or by quantity, or by any other sort of designation by which any particular piece of land can be indicated. The case is very different from the cases cited where bequests for the education or support, or maintenance, etc., of infants and others, without specifying the amounts to be used for such purposes, have been maintained. In such instances the amount necessary for the purpose, considering the station in life of the legatee and the condition of the estate, can readily be ascertained with reasonable certainty. But in the case at bar there is no path that will lead the inquirer out of the labyrinth.

Judgment affirmed.

Thornton, J., and Sharpstein, J., concurred.

Hearing in Bank denied.