JOHN DEE

*v.*

HANORAH DEE *et al.*

*Opinion filed October 24, 1904—Rehearing denied December 9, 1904.*

1. WILLS—*what necessary to create a trust.* While the use of the words "in trust" is not essential to the creation of a trust, yet it is necessary that some language, unequivocal in character, shall be used from which an intention to create a trust can be attributed to the testator.

2. SAME—*when will does not create a trust.* A devise to the testator's wife "of all my property, both real and personal, to her use during her life or as long as she shall remain my widow, to receive all the rents and profits thereof *for the benefit of my family,*" does not create a trust in the income, with the wife and children as equal beneficiaries. (*Allen* v. *McFarland,* 150 Ill. 455, followed.)

3. SAME—*when will creates a determinable life estate.* A devise to the testator's wife of all the property, both real and personal, during her life or as long as she remains the testator's widow, to receive the rents and profits thereof for the benefit of the testator's family, creates a life estate in the wife in all the property, determinable upon her re-marriage.

4. SAME—*when provision directing purchase of land is not void.* A provision of a will directing the executor to purchase a certain amount of land for one of the testator's sons is not void for uncer-

tainty if it is possible to ascertain from the will the description of the land or the amount which shall be paid for it.

5. SAME—*provision directing purchase of land construed.* A provision of a will directing that as soon as a certain farm is paid for the testator's wife shall purchase eighty acres of land for a certain son, to be paid for out of the proceeds of all the land owned at the time, provided that if the wife die before said farm is fully paid for then the son shall have a certain eighty acres, is not void for uncertainty nor repugnant to a subsequent clause directing an equal division of all the testator's property among his children after the wife's death.

6. SAME—*every effort should be made to reconcile alleged repugnant clauses.* The rejection of one clause of a will for the purpose of upholding another will not be resorted to except in case of necessity.

7. SAME—*when children take a vested estate in remainder.* A clause in a will directing that after the death of the testator's wife all property, both real and personal, shall be divided equally among all the testator's children, creates a remainder in such children vesting at the testator's death, there being no reason for postponing the division other than to let in the life estate.

8. SAME—*when remainder-men are not entitled to partition during life estate.* Where a will devises real estate to the widow for life or during widowhood, and there is a subsequent general direction that after the death of the wife the property shall be equally divided among the testator's children, the children are not entitled to partition until the particular estate of the wife is extinguished by her death or re-marriage.

9. SAME—*effect where life tenant invests personal property in land.* Where a widow having an interest in personal property for life or during widowhood sells the same and invests the proceeds in land, taking title in herself and a son, if the remainder-men do not challenge her power to make the investment but deny her right to take title, the title should be placed in her for life or during widowhood, with remainder to the persons entitled to the remainder in the personal property under the will.

APPEAL from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

D. D. DONAHUE, H. M. MURRAY, FLEMING, TROWBRIDGE & OGLEVEE, and H. L. FLEMING, for appellant:

The will, by the words "give and bequeath all of my property," conferred upon Hanorah Dee the legal estate. The

words "to her use" limited to her the first use, and the words "for the benefit of my family" limited the second use to the children and the wife. This is the precise formula to create a trust. *Price* v. *Sesson,* 13 N. J. Eq. 168; Perry on Trusts, (5th ed.) sec. 304; Hill on Trustees, 235; *Symon* v. *Taviner,* 1 Eq. Com. Abr. 383; *Hopkins* v. *Hopkins,* 1 Atk. 581; *Keen* v. *Deardon,* 8 East, 248; 2 Washburn on Real Prop. (3d ed.) 402.

When the purpose of a devise to one is for the use or benefit of another, a trust is created. *Summers* v. *Higley,* 191 Ill. 193; *Jones* v. *Jones,* 124 id. 254.

The word "family," when used in a will, ordinarily means children; but the context indicates that the wife was also included in the word "family." *Pigg* v. *Clark,* 3 Ch. Div. 672; *Phillips* v. *Ferguson,* 85 Va. 509.

The devise was to the testator's family as it was then constituted and not to a family as it might thereafter exist, and each member then took as a tenant in common. *Smith* v. *Bowen,* 35 N. Y. 83; *Ireland* v. *Ireland,* 18 Hun, 364; *Mustain* v. *Gardner,* 203 Ill. 284.

The second clause of the will shows an intent that all would share equally during the life of the testator's wife, and the fourth clause shows that all the children would share equally after her death. The third clause, which attempts to give one more than others, is void for inconsistency with the general scheme. Page on Wills, sec. 463; 2 Williams on Executors, (7th ed.) 333.

The attempted gift of the eighty acres to be purchased with the rents and profits is not given in clear terms as a gift to all under the second clause, and is void. Underhill on Wills, sec. 358.

The word "divide" at the death of a person who holds for life is not a restriction against partition. *Knight* v. *Pottgieser,* 176 Ill. 368.

The personal property was converted into money, and this money, together with money accruing from the rents

and profits, was used in the purchase of land, and title was taken in the name of Hanorah Dee. This is a breach of trust and a conversion of the property and funds. *White* v. *Sherman,* 168 Ill. 603.

A gift of land to be purchased must point out the price to be paid as well as the location of the land. *In re Taylor's Estate,* 81 Cal. 9; *Gill* v. *Grand Tower Co.* 92 Ill. 249; Jarman on Wills, 227-230.

The fourth clause gives to each child the same estate as the law of descent gives, so they take under the laws of descent. *Akers* v. *Clark,* 184 Ill. 136; *Kellogg* v. *Shepherd,* 139 id. 433; 2 Williams on Executors, (7th ed.) 385.

If the word "divide" creates a restriction, it is without force when the heir and devisee are the same. *Newkirk* v. *Newkirk,* 2 Caines' Cas. 342; *Howell* v. *Party,* 50 N. J. Eq. 265; 2 Williams on Executors, (7th ed.) 275, 276.

BARRY & MORRISSEY, for appellee Hanorah Dee:

The declaration of a trust must be reasonably certain in its material terms, and this requisite of certainty includes, first, the subject matter or property embraced within the trust; second, the beneficiaries or persons in whose behalf the trust is created; third, the nature and quantity of interests which they are to have; and fourth, the manner in which the trust is to be performed. If the language is so vague, general or equivocal that any one of these necessary elements of the trust is left in real uncertainty, the trust must fail. *Orr* v. *Yates,* 209 Ill. 222; *Allen* v. *McFarland,* 150 id. 455; *Randall* v. *Randall,* 135 id. 398. •

Where there was a devise to a daughter in trust for her sole use and benefit and all her children and their children thereafter, it was held that no trust was created by the words "in trust" and the same should be disregarded. *Schaefer* v. *Schaefer,* 141 Ill. 337.

Partition of an estate in remainder, subject to the life estate, cannot be had if the persons in whom the remainder

will vest cannot be definitely ascertained until the death of a life tenant. *Ruddell* v. *Wren,* 208 Ill. 508.

Equity will not award partition at the suit of one in violation of conditions or restrictions imposed by one through whom he claims. *Hill* v. *Reno,* 112 Ill. 154; *Ingraham* v. *Mariner,* 194 id. 269.

Where there is a general bequest of personal property for life with remainder over, the practice now is to have the property sold and converted into money by the executor and the proceeds invested and the interest paid to the legatee for life. *Howe* v. *Earl of Dartmouth,* 7 Ves. 137; 2 Kent's Com. 354.

LILLARD & WILLIAMS, for other appellees:

We have not disputed with appellant that Hanorah Dee is a trustee under the will. Our contention, as appears by our demurrer, is, that her duties as trustee are such that she can not be deprived of the management of the estate during her widowhood, either as regards its investment or the expenditure of the income, unless gross mismanagement or fraud be shown. Underwood on Wills, par. 773, p. 1097.

The third clause of the will is not repugnant to the second and fourth. *Healy* v. *Eastlake,* 152 Ill. 424; *Randolph* v. *Hamilton,* 84 Ill. App. 399; Underwood on Wills, secs. 358, 359.

The intention of the maker, clearly and unmistakably manifested in one portion of the will, is not to be overcome by doubtful and forced construction of another part of the instrument. Schouler on Wills, sec. 208; *Phayer* v. *Kennedy,* 169 Ill. 360.

The rejection of one clause to uphold another is a desperate remedy, to be resorted to only in case of necessity. *Jenks* v. *Jackson,* 127 Ill. 341.

Appellant, as one of the legatees of Patrick Dee, cannot ask partition, at this time, of the estate subject to the life use or other testamentary use to the widow or trustee. The man-

dates of the will, appellant's fifteen years of acquiescence, the accounting as a predicate of division required at Hanorah Dee's death, the final division being of lands, money and chattels, all forbid it. *Martin* v. *Martin,* 170 Ill. 639; *Ingraham* v. *Mariner,* 194 id. 269; *Seymour* v. *Bowles,* 172 id. 521.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The bill herein represents that Patrick Dee died on August 15, 1889; that he left surviving him Hanorah Dee, his wife, and eleven children; that four of those children have since deceased, leaving no descendants. One of them, who was a daughter, however, had married and died without descendants but her husband survived. John Dee, complainant in the bill and appellant here, is one of the surviving children of Patrick Dee, and the other children who survive and Hanorah Dee, the widow, are defendants in the bill and appellees.

It appears from the bill that Patrick Dee left a last will and testament which was probated September 16, 1889, in McLean county, which, omitting formal parts, is as follows:

"*First*—I will and direct that all my just debts and funeral expenses be paid in full.

"*Second*—I give and bequeath to my beloved wife, Hanorah Dee all of my property, both real and personal to her use during her life or as long as she shall remain my widow to receive all the rents and profits thereof for the benefit of my family, and at her decease to be divided as follows, to-wit:

"*Third*—I will and direct that as soon as the farm on which I now reside, known as the Jennings farm is paid for, my said wife shall purchase eighty (80) acres of land for my son William Dee to be paid for out of the proceeds of all the land owned at the time: *Provided,* if my said wife should die before the said Jennings farm is fully paid for, then and in that case the said William Dee is to have the

eighty (80) acres on which I now reside being the west half of the south-west quarter (S.W. ¼) of section No. four (4) township twenty-three (23) north range four (4) east of the 3d P. M.

"*Fourth*—I will and direct that after the decease of my said wife, Hanorah Dee all my property both real and personal shall be divided between all of my children, both boys and girls equally, share and share alike."

The fifth clause appointed the wife and William, one of the sons, executrix and executor, but they did not qualify.

The bill further alleges that the testator left 501 acres of land and four thousand dollars worth of personal property; that by the will Hanorah Dee was created a trustee to collect the rents and profits and the income of the personal property during life or widowhood, and that each of the children and the wife was given a one-twelfth part of the income, rents and profits, as beneficiaries of the trust; that she accepted the trust, and that she has disposed of the four thousand dollars worth of personal property without accounting for the same; that Hanorah Dee has purchased 230 acres of land and a certain lot in the city of Bloomington with the rents and profits of the land and the proceeds of the sale of the personal property received by her, and that the title has been taken by her in her name and in the name of William Dee, but that these lands in equity belong to the complainant and the other beneficiaries; that the fee in remainder to the real estate of which Patrick Dee died seized passed to his children in equal parts, and that Hanorah Dee and each of the children was entitled to a one-twelfth part of the land purchased by Hanorah Dee with the rents and profits, and that each of the children was entitled to a one-eleventh part of the land purchased with the proceeds arising from the sale of the personal property; and sets out the interests inherited by Hanorah Dee, and the surviving children of Patrick Dee, from the deceased children, and the interest inherited by the husband of the deceased daughter, and prays that the deeds to

the 230 acres of land and the lot in Bloomington may be set aside and the rights and equities of the parties declared in those lands; that an account of the rents and profits may be had; that partition may be had of all the lands mentioned in the bill in accordance with the rights of the parties as therein stated, and for general relief.

Certain of the children who were made defendants appeared and demurred to the bill, and stated special reasons: First, because complainant is not entitled to partition until the death or marriage of Hanorah Dee; second, that while Hanorah Dee is trustee the funds are to be accumulated until her death or re-marriage. Hanorah Dee also demurred, setting up specially the following grounds of demurrer: First, no partition can be had until the death of Hanorah Dee; second, the will does not make Hanorah Dee a trustee; third, the rents and profits belong to Hanorah Dee in her own right; fourth, complainant has no interest in the real estate purchased by Hanorah Dee.

Thereupon, complainant obtained leave to amend the bill and to file a supplemental bill. By the amended bill it is stated that the mortgage on the land owned by Patrick Dee at the time of his death has been fully paid; that Hanorah Dee, from the rents and profits of said land, purchased 80 acres of land for William Dee, which was conveyed to him, but that the third clause of the will is void for repugnancy and uncertainty, and that said William Dee acquired no right to the 80 acres of land; that the price of that land and the amount paid in satisfying the mortgage are less than $10,000, and that the income received by Hanorah Dee from the lands left by Patrick Dee amounted to $65,000 over and above the sums expended in purchasing the 80 acres and paying the mortgage debt; that each of the eleven children received by the fourth clause of the will the same estate as they would receive under the laws of descent, and that the fourth clause of the will was void; that all of the children have reached their majority; that Hanorah Dee and all the children of

Patrick Dee lived on his said lands at the time of his said death, but that none of them now live on any of such land; that Hanorah Dee resides in Bloomington, Illinois, and the children have become separated; that the active duties imposed on Hanorah Dee as trustee have ceased; that each of the beneficiaries is capable of attending to his own affairs, and the trust is now void.

The supplemental bill states that Hanorah Dee, since the beginning of this suit, repudiated the trust and claims the rents in her own right, and prays that she be required to account, and be removed as trustee.

The demurrers were extended to the amended and supplemental bills and sustained by the court. The complainant appeals to this court. In so far as we have found it necessary to consider them, his contentions are, first, that a trust was created by the second clause of the will, with the wife and children as equal beneficiaries, each taking the one-twelfth part of the income; second, the third clause gave William Dee no right to have the funds used to purchase 80 acres of land, because the second clause made a complete disposition of such funds, and because the third clause is void for uncertainty. William Dee could not acquire any interest in the 80 acres owned by Patrick Dee at the time of his death specifically described in the will because his title thereto depended upon a void condition precedent which was impossible of performance and because the third clause is repugnant to the fourth clause; third, the fourth clause gives a vested estate in remainder, entitling appellant to partition, or if not it is void because it gives the same estate as the laws of descent give, and the children take as heirs and not as purchasers, holding by the better and worthier title and appellant is entitled to partition on that theory.

Cardinal rules for the interpretation of a will are that the intention of the testator, as indicated by the words he has used, shall be ascertained and effectuated if that can be done, and that the instrument shall be read from the four

corners thereof, that each and every clause, sentence and word may be given meaning and effect if it be possible so to do.

Authorities cited by appellant show that the devise of the property to Hanorah Dee to her use for the benefit of another or others, specifying them, is the proper formula for the creation of a trust for the benefit of such other or others. The difficulty about the application of this doctrine in the present case is found in the fact that the term here used is "for the benefit of my family." Did the testator by that expression mean to require an equal division of the rents and profits among his wife and all his children, giving one-twelfth to each? If so, a trust was created. If, on the other hand, it was the mere expression of the purpose or motive which moved him in making this devise, no trust exists.

As has been frequently said, in construing a will, the court derives but little assistance in determining the meaning to be given the various terms and expressions used therein from the examination of adjudged cases. No two wills are precisely alike, and the conditions which surround one testator differ so widely from those which surround another that the conclusion reached in one instance is rarely of great service as a guide in another. We have been favored with elaborate briefs in this case and have examined the various authorities to which we have been referred. We cannot here enter upon a detailed discussion of the numerous cases upon which the respective parties rely.

So far as the question of the existence of a trust is concerned, we regard *Allen* v. *McFarland,* 150 Ill. 455, and *Bryan* v. *Howland,* 98 id. 625, as approaching the present case more nearly than any other to which our attention has been called.

In *Allen* v. *McFarland, supra,* the language of the will was: "I leave all my property in the hands of my wife, Cecelia Matilda Allen, to manage to the best interests of our children and herself. The said children are Charles Abram,

Grace Matilda and Mary Elizabeth." The widow took possession of the property and received the income, rents and profits therefrom. A bill was filed to require the widow to account to the children for the rents and profits, on the theory that the children took an interest therein. The circuit court held that the mother took the property as trustee for the benefit of herself and the said children, share and share alike. On appeal to this court, this construction was deemed erroneous, and it was said (p. 464) : "The thought of the testator seems to have been, to leave his estate under one management during the lifetime of his wife, to be controlled as he had controlled it, in the interest and for the benefit of the family. * * * It is apparent that his wife was intended by him to take his place in the management of his estate, and was clothed with a broad, and practically unlimited, discretion in such management. He seems to have had great confidence in her integrity and ability to manage the estate, and left to her discretion, without restriction, what would be management in the interests of herself and children."

In the case of *Bryan* v. *Howland, supra,* land was conveyed to Allen H. Howland, his heirs and assigns, in trust for the separate benefit of Henry Allen Howland, to permit the latter to use, occupy, possess, enjoy, improve, rent and build upon the said tracts or lots of land, "in any manner he may deem best for the support, maintenance and benefit of himself and his children, during his natural life." There, as here, the use was given to the person said to be a trustee absolutely and unqualifiedly, and the word "benefit" was used there, as here, in the clause upon which the claim that a trust existed was based, but this court held that no trust was created, as there was no language providing that the use, occupancy, possession and enjoyment should be devoted to the purposes to which the person to whom the use was given was authorized to devote such use, occupancy, possession and enjoyment.

It is true that the words "in trust" are unnecessary, and no particular form of words is necessary, to the creation of a trust. Still, it is necessary that some language, unequivocal in character, should be used from which an intention to raise a trust can be attributed to the testator. (*Hagan* v. *Varncy*, 147 Ill. 281.) After a careful examination of the various provisions of this will, read in the light of the testator's environments, his condition in life, the nature, extent and situation of his property, as the same appear from the bill, we are of the opinion it was not his purpose to create a trust.

In our judgment this case should follow *Allen* v. *McFarland, supra*. The testator left his wife and eleven children living on his farm which was not fully paid for. His evident purpose was to substitute his wife for himself, that she might manage and carry forward the business and maintain and educate the children as he would do if he were living. He contemplated that she would relieve the land of the mortgage indebtedness. He specified that the devise of the rents and profits was "for the benefit of my family." In using that expression we think he had in mind the group of persons residing in his household, consisting of his wife and children, and that his design was that his wife should use the income from all his property as her discretion directed for the benefit of those persons so long as they continued members of that household. There is no question but that after the death of his wife he intended his property should be divided among his children. In providing for that division, he uses words that make certain the objects of his bounty. He says, "shall be divided between all of my children, both boys and girls equally, share and share alike." We cannot escape the conviction that had it been his purpose to have the income from the property divided in the same manner, or divided equally between the children and their mother, he would have used language indicating that purpose with greater certainty. Again, his confidence in his

wife is shown by the fact that she is given unlimited discretion in the management of the property, and yet, if the construction of appellant is to be followed, the only portion of his estate that she receives is one-twelfth of the net income thereof. Such a division would seem to be inconsistent with the great faith he reposed in her when the extent of her rights in his estate in the event of his intestacy, or her renunciation of his will, is considered.

Under the second clause of the will of Patrick Dee, his widow took a life estate in all his property, both real and personal, determinable, however, upon her re-marriage. Whether the burden of educating, and maintaining during their minority, the other members of the family of Patrick Dee is one that she could have been compelled to assume by virtue of the second clause of his will is unnecessary to be determined, as no complaint is made in that respect, and each of the children has now attained the age of legal majority.

A number of questions are discussed by counsel for appellant touching the rights, obligations and duties of Hanorah Dee as trustee. It is unnecessary to consider any of these under the construction which we have placed upon this clause.

It is then insisted that the third clause, in so far as it directs the wife to purchase 80 acres of land for William Dee, is void for uncertainty, because it should fix the price to be paid as well as the location of the land to be purchased, and it is argued that it does neither. In support of this position we are cited to *In re Traylor's Estate,* 81 Cal. 9, where it was held that a clause was void requiring the executors to purchase a tract of land and vest the title to the same in certain devisees, where the land was not described nor the price to be paid therefor fixed. That holding was undoubtedly correct, as it was impossible to ascertain from the will either what tract of land was intended by testator or what amount of his property he was willing to have devoted to the purchase of the land for these particular persons. We are in-

clined to the view that where it is possible to ascertain from the will the description of the land which the testator directs shall be purchased, or the amount which he directs shall be devoted to the purchase of land, the devise is good. The suggestion that such a provision is not effective unless it both locates or describes the land and fixes the price at which it shall be purchased is not well considered. The owner of the land at the time the executor seeks to purchase it will have something to say about the price at which it shall be purchased, and cannot be required to sell at the price fixed by the testator. Such a provision would place it in the power of the person owning the land, when the executor seeks to carry out that provision of the will, to defeat the intention of the testator entirely. It was the purpose of Patrick Dee, in the event of the death of his widow prior to the time when the land which he owned at his death should be fully paid for, that William Dee should become the owner of a certain 80-acre tract specifically described in the third clause of the will, and the testator's bounty may be thereby measured. It was the duty of the widow to purchase and have conveyed to William Dee an 80-acre tract of the same value as the one specifically described in the third clause which was to become his property under certain contingencies.

It is urged, however, that this clause is void for repugnancy; that so far as the rents and profits are concerned, they are all devised by the second clause, and for that reason can not be taken to satisfy the bequest of 80 acres to William Dee, and that the general intent of the will is that all the real estate owned by the testator at the time of his death should be divided equally among all his children, and that the third clause, in so far as it devises 80 acres of the land of which Patrick Dee died seized to William Dee in a certain contingency, is the expression of a special intent, which should not prevail as against the general intent of the document.

The rejection of one clause in a will to uphold another, on the ground that the two clauses are repugnant, is a des-

perate remedy, to be resorted to only in case of necessity. Every effort should be made by the court to reconcile clauses apparently repugnant, that effect may thereby be given to each. *Jenks* v. *Jackson,* 127 Ill. 341; *Healy* v. *Eastlake,* 152 id. 424.

So far as the inconsistency between the second and third clauses is concerned, we regard the third as being a charge upon the rents and profits devised by the second; that is, the third requires Hanorah Dee to purchase the 80-acre tract out of the rents and profits received by her, in a certain contingency. If that contingency does not arise, then William Dee is to take an 80-acre tract owned by the testator at the time of his death, in which event that tract is excepted from the operation of the fourth clause under the rule that general provisions in a will must give way to a specific provision; that where there is a general devise of property in one part of the will and a specific disposition of the property in another part, the latter is generally to be regarded as excepted out of the general devise. *Dickison* v. *Dickison,* 138 Ill. 541.

It is averred by the amended bill that the fourth clause of the will is void because the children of the deceased take precisely the same title by that clause that they would take by inheritance, or that if this be not the correct view, each of the children took a vested remainder in the undivided one-eleventh of the land of which Patrick Dee died seized, the particular estate being in the widow, and that in either event, appellant is entitled to partition of the lands which Patrick Dee owned at the time of his death; while the view taken by Hanorah Dee is that the remainder devised the children is contingent, there being no words of gift to them except as they are found in the direction that all the property of the testator "shall be divided between all of my children" after the death of the wife.

The general rule is that where the devisees compose a class and there are no words of devise except a simple direction to divide the property at a specified time, the gift will

not vest until the time of division. *McCartney* v. *Osburn,* 118 Ill. 403; *Kingman* v. *Harmon,* 131 id. 171; *Bates* v. *Gillett,* 132 id. 287; *Strode* v. *McCormick,* 158 id. 142.

In the case of *Knight* v. *Pottgieser,* 176 Ill. 368, it is said this "general rule is subject to an exception so well established and universally recognized as to practically constitute another general rule, which is: though a gift arises wholly out of directions to pay or distribute *in futuro,* yet if such payment or distribution is not deferred for reasons personal to the legatee, but merely because the testator desired to appropriate the subject matter of the legacy to the use and benefit of another for and during the life of such other, the vesting of the gift in remainder will not be postponed but will vest at once, the right of enjoyment only being deferred."

In *Heilman* v. *Heilman,* 129 Ind. 59, where a will gave a life estate to the widow, and directed that upon her death "all my estate, excepting the bequests herein made, shall be divided in equal shares among all my children," and should any be dead leaving children, such children to be entitled to the distributive shares of their parents, it was held that notwithstanding there was no language of gift except the direction to divide, the remainder taken by the children was vested and not contingent.

*In re Thomman's Estate,* 161 Pa. St. 444, seems analogous to the one before us. The only words of gift in that case were preceded by a direction to sell the testator's farm after the death of his wife and were as follows: "And the proceeds thereof shall be equally divided between my children, share and share alike." The court held that as the only purpose of postponing the sale and distribution was to benefit the wife, the vesting was immediate upon the death of the testator.

It is apparent that the devise made by the fourth clause of this will is within the exception noted in *Knight* v. *Pottgieser, supra.* Here the only purpose, so far as we can determine, in postponing the division of the estate, was that the

212—23

widow might enjoy it during her lifetime or widowhood. The time of division was not postponed for or on account of anything personal to the legatees, as, for example, until the youngest arrived at the age of twenty-one years, or until some one of the children desired to engage in business. It is manifest, therefore, that the remainder taken by the children of the deceased vested at his death.

Is appellant entitled to partition prior to the death of Hanorah Dee?

It is evident from the language of the will that it was the purpose of the testator to postpone a division of the estate until her death. The general rule is that an adult tenant in common may demand partition as a matter of right, (*Martin v. Martin,* 170 Ill. 639;) and the fact that he is a remainder-man and that the particular estate has not expired is not a valid objection; (*Drake* v. *Merkle,* 153 Ill. 318;) but equity will not award partition at the suit of one in violation of his own agreement or in violation of a condition or restriction imposed upon the estate by one through whom he claims; (21 Am. & Eng. Ency. of Law,—2d ed.—1158; *Hill* v. *Reno,* 112 Ill. 154; *Ingraham* v. *Mariner,* 194 id. 269; *Brown* v. *Brown,* 43 Ind. 474; *Hunt* v. *Wright,* 47 N. H. 396;) nor is such a condition or restriction in the instrument conveying the estate invalid as repugnant to the estate granted, or as against public policy. *Hunt* v. *Wright, supra.*

We regard the language of the will fixing the time at which the estate shall be divided as an express condition against partition prior to that time. No partition can be had, therefore, until the particular estate of Hanorah Dee is extinguished.

The second clause of the will gives to Hanorah Dee the rents and profits so long as she lives or until she re-marries. The fourth clause provides for the division of the estate "after the decease of my said wife Hanorah Dee," and it is urged by appellant that in the event of Hanorah Dee re-marrying, the construction which we have placed upon this will

would leave the rents and profits accruing between her re-marriage and her death undisposed of. This disregards the doctrine of acceleration. If there be a gift to A for life and to B in remainder, the estate in remainder takes effect from and after the determination of the particular estate, whether that estate be determined by revocation, death, incapacity of the devisee to take or by his refusal to take, or by any other circumstance, the remainder being only postponed in order that the life estate may be given to A. (*Blatchford* v. *Newberry,* 99 Ill. 11.) Whenever the life estate of Hanorah Dee terminates, that of the remainder-men will take effect in possession and partition may then be had.

The construction which we have placed upon this will gives effect to each and every clause thereof, consistent, as we think, with the testator's purpose, while that contended for by appellant would destroy both the third and fourth clauses.

It appears from the bill that Hanorah Dee sold the personal property and invested the proceeds in real estate and took title to herself and William Dee, and the bill contains a prayer for general relief. Appellant does not question her right to so invest the money, but complains that the title was not taken to the proper persons. The bill is without equity in all other respects, but if the widow invested the proceeds of the personal property in real estate, the remainder-men not challenging her power or authority to make that investment, the title should be placed in her for life or as long as she remains the widow of Patrick Dee, with remainder to the persons entitled to the remainder in the personalty under his will. (*Burnett* v. *Lester,* 53 Ill. 325; *Welsch* v. *Belleville Savings Bank,* 94 id. 191; *Buckingham* v. *Morrison,* 136 id. 437.) For this reason, only, the decree of the circuit court will be reversed and the cause remanded to that court for further proceedings in conformity with the views herein expressed. 　　　　　　　*Reversed and remanded.*