Joseph Heininger *et al.* Appellants, *vs.* Margretha
Meissmer *et al.* Appellees.

*Opinion filed December 17, 1913.*

Partition—*when devisees are not entitled to partition before
life estate terminates.* Where a will gives the testator's estate,
both real and personal, to his wife, with full use and control over
the same during her natural lifetime and with remainder, in equal
parts, to the testator's named children, a provision in the will that
if any of the children "have *by that time* died without issue then
the respective share of such child shall revert to the other of my
children," operates as a restriction against partition during the
lifetime of the widow, regardless of whether the estate of the
devisees is vested or contingent, and partition will not be awarded
in violation of such restriction.

Appeal from the Circuit Court of Woodford county;
the Hon. T. M. Harris, Judge, presiding.

Hiram E. Todd, and J. A. Riley, for appellants.

Thomas Kennedy, for appellees.

Mr. Justice Farmer delivered the opinion of the court:

Appellants, who are five of the eight surviving children
of George Heininger, deceased, filed their bill in chancery
for the partition of certain lands described, to which they
claimed title through the will of their deceased father.
George Heininger died testate in February, 1910, seized and
possessed of 420 acres of farm land in Woodford county
and three lots in Metamora, in said county. Besides ap-
pellants he left three other children surviving him, and a
widow, Catherine Heininger. The second clause of his
will is as follows:

"*Second*—I give, devise and bequeath to my beloved
wife, Catherine Heininger, all of my real and personal
property, of what nature or kind soever. She is to have
full use and control of the same during her natural life,
and after her death all the property then remaining to be

divided in equal shares between my children, as follows: Margretha Meissmer, (*nee* Heininger,) Adam Heininger, Susanna Koenig, (*nee* Heininger,) Joseph H. Heininger, Paulina Waldschmidt, (*nee* Heininger,) Rosina Heininger, Frank L. Heininger and George A. Heininger; and if any of my said children have by that time died without issue, then the respective share of such child shall revert to the other of my children."

The bill alleges that complainants and the other three children of testator, who are made defendants, are the owners in fee simple, as tenants in common, of the lands their father died seized of, subject to the life estate of the widow. A demurrer was sustained to the bill, and appellants electing to stand by the bill it was dismissed for the want of equity, and from the decree dismissing the bill this appeal is prosecuted.

The bill did not ask that the will be construed, but the theory of the appellants is that the children of the testator took a vested interest which they claim is a base or determinable fee, and that they are entitled to partition the premises subject to the life estate of the widow. Defendants contend that it was the intention of the testator to place, and he did by his will place, restrictions upon the partition of the land until the termination of the life estate, and also that the interest of the children of the testator is contingent, and just who will take at the termination of the life estate cannot be determined until that event happens, so that in any event there can be no partition at the present time, for the widow is still living. As we have said, the bill did not ask for a construction of the will. The prayer for partition required a construction to the extent of determining whether appellants were now entitled to partition. If they had a vested estate in the lands but the testator had placed restrictions upon the partition until the life estate was terminated, that would justify the decree dismissing the bill without further construing the will

and determining just what estate the children of the testator took.

The language of the will now before us and the language of the will before the court in the case of *Dee* v. *Dee,* 212 Ill. 338, is, of course, not precisely the same, but so far as placing restrictions upon the partition of the land before the determination of the life estate is concerned, we do not see how they can be distinguished. In the *Dee case* the court held it was evident from the language of the will that the testator intended to postpone a division of the land until the death of his widow, who was given a life estate. The court there recognized that the owner of a vested remainder in land is entitled to partition before the particular estate has expired, but said equity would not award partition in such cases in violation of restrictions imposed upon the estate by one through whom the party asking partition claimed. It was held such restrictions are not repugnant to the estate granted nor against public policy. If the children of testator took a vested estate in this case, under the authority of *Dee* v. *Dee, supra,* they would not be entitled to partition until the termination of the life estate. If their estate is a contingent remainder they are, of course, not entitled to partition, for their estate and interest cannot be determined until the event happens upon which the remainder vests, but as we are not asked to go further than to determine whether appellants are now entitled to partition, it would perhaps be improper for us to construe the will and determine the precise estate and interest the children of the testator took under his will. If they took a vested estate, as claimed in their bill, under the language of the will it was not subject to partition until the determination of the life estate, and the circuit court properly dismissed the bill.

The decree is affirmed.                    *Decree affirmed.*