PHEBE J. PETERSON ET AL., APPELLEES, V. GEORGE E.
DAMOUDE ET AL., APPELLANTS.

FILED MAY 14, 1915.   No. 18088.

Partition: DEVISE: RESTRICTION ON PARTITION: VALIDITY.  Involuntary
   partition of an estate devised in equal shares to the testator's
   children cannot be decreed contrary to a provision in the will
   which forbids division for a reasonable time fixed by testator in
   definite terms; the condition not being a void restraint on aliena-
   tion nor a limitation repugnant to the fee.

APPEAL from the district court for ·Hamilton county:
EDWARD E. GOOD, JUDGE.  *Reversed and dismissed.*

*Hainer, Craft & Aylsworth* and *Frank E. Edgerton,* for
appellants.

*B. F. Good* and *J. H. Grosvenor, contra.*

ROSE, J.

This is an action for partition.  From a decree granting
the relief prayed by plaintiffs, defendants have appealed.

Joseph Damoude died in Hamilton county, December
24, 1905, leaving a wife and 13 children.  His widow died
December 6, 1910.  He left a will containing these words:
"I give devise and bequeath to my beloved wife, Wil-
helmina Damoude, all of my real estate, to have and to hold
for the term of her natural life, and to have all the rents
and profits arising therefrom, and at her death said lands
shall descend in absolute title and in equal shares among
my children living, or their legal representatives.   Pro-·
viding, however, that said real estate shall not be disposed
or divided among my said children prior to the 5th day of
October 1921."

The real estate thus devised consists of a 480-acre tract
in Hamilton county.  Nine of the testator's children in-
stituted this action against the others March 16, 1912.
Partition was decreed on the ground that the proviso is
repugnant to the devise.  To uphold the trial court plain-

tiffs argue that the limitation violates the doctrine that a restraint on alienation cannot be attached to the fee, and cite *Loosing v. Loosing,* 85 Neb. 66, and similar cases. Did testator devise the fee in equal shares to his 13 children, and, by means of a subsequent provision, attempt to prevent each from selling or assigning the undivided one-thirteenth interest before October 5, 1921? The intention to prevent partition until that date, or until after the youngest child attains the age of 21 years, is clear: "Said real estate," reads the will, "shall not be disposed or divided among my said children prior to the 5th day of October, 1921." The word "divide," in the connection in which it is thus used, evinces a testamentary purpose to delay partition temporarily, or to postpone a division of the entire estate among the devisees. *Hill v. Hill,* 261 Mo. 55. The property which shall not be "disposed or divided" prior to the date fixed by testator is "said real estate." The reference is to all of the land devised to the 13 children. It is clear, therefore, from the terms of the entire will that the restriction in the proviso applies alone to the 480-acre tract. It follows that each devisee is left free to sell his individual estate at any time, and that cases cited to support the argument that a testator who devises the fee cannot impose restraints on alienation are not in point. The decisive question presented by the appeal may be stated thus: Is the provision temporarily suspending partition a reasonable and valid exercise of testamentary power? Authority is nearly unanimous in answering the question in the affirmative. *Hill v. Jones,* 65 Ala. 214; *Dee v. Dee,* 212 Ill. 338; *Heininger v. Meissmer,* 261 Ill. 105; *Hunt v. Wright,* 47 N. H. 396; *Roberts v. Wallace,* 100 Minn. 359; *Buschmann v. McDermott,* 139 N. Y. Supp. 314; *McInteer v. Gillespie,* 31 Okla. 644; *Greeney v. Greeney,* 155 Wis. 621.

In Gray, Restraints on Alienation of Property (2d ed.) sec. 30, it is said: "Whatever the true doctrine may be, a prohibition against partition is not a restraint on alienation, as the undivided share is always assignable."

In *Dee v. Dee,* 212 Ill. 338, 354, the report shows that the testator left a life estate to his widow, Hanorah Dee, and the remainder to his children. In discussing in that case the question here under consideration, the supreme court of Illinois said: "Is appellant entitled to partition prior to the death of Hanorah Dee? It is evident from the language of the will that it was the purpose of the testator to postpone a division of the estate until her death. The general rule is that an adult tenant in common may demand partition as a matter of right (*Martin v. Martin,* 170 Ill. 639); and the fact that he is a remainderman and that the particular estate has not expired is not a valid objection (*Drake v. Merkle,* 153 Ill. 318); but equity will not award partition at the suit of one in violation of his own agreement or in violation of a condition or restriction imposed upon the estate by one through whom he claims (21 Am. & Eng. Ency. Law (2d ed.) 1158; *Hill v. Reno,* 112 Ill. 154; *Ingraham v. Mariner,* 194 Ill. 269; *Brown v. Brown,* 43 Ind. 474; *Hunt v. Wright,* 47 N. H. 396); nor is such a condition or restriction in the instrument conveying the estate invalid as repugnant to the estate granted, or as against public policy (*Hunt v. Wright, supra*). We regard the language of the will fixing the time at which the estate shall be divided as an express condition against partition prior to that time. No partition can be had, therefore, until the particular estate of Hanorah Dee is extinguished."

In the present case the provision forbidding partition prior to October 5, 1921, being valid, the action was prematurely brought.

There is also a discussion of the meaning of the word "disposed" as it appears in the proviso that "said real estate shall not be disposed or divided among my said children prior to the 5th day of October, 1921." It is insisted that testator, by means of the language quoted, intended to prevent the devisees from mutually combining and selling the entire tract, and attempted to impose an invalid restraint on alienation. A determination of this question is not necessary to a decision. The provision re-

lating to partition is valid.  Some of the children are re-
sisting the action.  The devisees have not agreed to sell the
tract.  In decreeing partition the trial court was in error.
The judgment is therefore reversed and the action dis-
missed.

REVERSED AND DISMISSED.

HAMER, J., not sitting.