CLEO ANN FREELAND ET AL., APPELLANTS, V. ELSIE ANDERSEN ET AL., APPELLEES.

FILED NOVEMBER 19, 1926. No. 24091.

1. **Partition:** TESTAMENTARY RESTRICITON. A will devising a life estate in land to the wife of testator and the remainder to his heirs may contain a testamentary restriction on compulsory or involuntary partition during the life of his widow.

2. ———: ———. A will devising a life estate to the wife of testator and the remainder to his heirs at her death may operate as a restriction on compulsory or involuntary partition during her life.

3. ———: ———. A life tenant and remaindermen cannot compel other remaindermen to submit to compulsory or involuntary partition in violation of testamentary devises creating both the life estate and the remainder.

APPEAL from the district court for Phelps county: LEWIS H. BLACKLEDGE, JUDGE. *Affirmed.*

*J. Harvey Sherwood* and *Edward ·J. Lambe,* for appellants.

*S. A. Dravo, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

ROSE, J.

This is a suit to partition a quarter section of land and three lots in Phelps county. The lots are in the village of Atlanta and there is a dwelling on them. While William D. Freeland was owner he made his will June 20, 1918, and died January 23, 1920. The will was filed in the county court January 29, 1920, and probated February 26, 1920. It first directed payment of testator's debts and funeral expenses. The second and third bequests and devises were as follows:

"Second. I give, devise and bequeath to my beloved wife Cleo Ann Freeland all the rest, residue and remainder of my estate both real and personal to have and to hold so long as she may live.

"Third. All the rest and residue of my estate, both real, personal and mixed, I give, devise and bequeath to my heirs at the death of my beloved wife Cleo Ann Freeland and to them and their heirs and assigns forever, share and share alike, as tenants in common."

Cleo Ann Freeland, widow of testator, was appointed executrix and as such she paid the debts and the funeral expenses and accepted the terms of the will. Pursuant to decree of the county court, she took possession of the real estate in controversy and has since enjoyed the rents and profits thereof as tenant for life. The petition and the probate records to which it refers show that testator, for the purposes of his will, temporarily divided his real property into two estates — the life estate and the remainder. He willed the life estate to his wife and the remainder to his heirs without naming them, but the county court in a decree relating to heirship identified them by name and from that

adjudication there was no appeal. The widow to whom the life estate was willed was the second wife of testator and was not the mother of any of the other devisees. The interest of each plaintiff and each defendant was derived from the will. The plaintiffs, petitioners for partition, are Cleo Ann Freeland, the widow, owner of the life estate, and the following named heirs, who, as remaindermen, join in the prayer for partition: Elmer E. Freeland, the only surviving child of testator; Alfred J. Freeland, grandson, child of a deceased son; and Cecil C. Salisbury, grandson, child of a deceased daughter. The defendants include the other heirs of testator, grandchildren and great-grandson, who, as remaindermen, resist partition. The wives and the husbands of the married heirs sued are also defendants. The theory of the widow, as disclosed by the petition, is that she has a right to relinquish her life estate and to demand the value thereof in purchase money arising from a partition sale. The other plaintiffs petition for the same relief and also for the distribution of the remaining proceeds according to the respective interests of the heirs. The suit was defended on the ground that a cause of action for an involuntary or compulsory partition will not accrue prior to the extinguishment of the life estate by the death of the life tenant. Upon a trial of the case the district court dismissed the action and plaintiffs appealed.

The principal question argued by plaintiffs in support of their demand for relief may be stated thus: During the existence of the life estate, may the life tenant waive it in a suit for partition and recover the value thereof in purchase money arising from a partition sale, where some of the remaindermen join in the petition for such relief and pray for a distribution of the remaining proceeds according to respective shares, though other remaindermen resist partition as premature? It is earnestly insisted by plaintiffs that the right to the relief sought by them is, on undisputed evidence showing the value of the life estate, created by the statutes relating to partition and to the settlement of the estates of deceased persons, citing: Comp. St.

1922, secs. 1438-1442, 9238, 9258, 9261; *Weddingfeld v. Weddingfeld*, 109 Neb. 729; *Nitz v. Widman*, 106 Neb. 736. Admitting for the moment the general proposition stated, but not deciding the question raised, this suit was properly dismissed on the ground that testator expressed in his will an intention to prevent involuntary or compulsory partition until after the death of his widow to whom he gave the life estate. The restriction was a valid exercise of testamentary power. It does not violate public policy nor conflict with any Nebraska statute. *Peterson v. Damoude*, 98 Neb. 370.

Testator, after devising the life estate to his wife, disposed of the remainder as follows:

"All the rest and residue of my estate, both real, personal and mixed, I give, devise and bequeath to my heirs at the death of my beloved wife."

The term, "at the death of my beloved wife," in the connection used, is a testamentary restriction on compulsory or involuntary partition during the life of the widow. Notwithstanding an Illinois statute providing, contrary to the general rule in absence of legislation, that joint owners of a vested remainder may compel partition among themselves without disturbing the life estate, the supreme court of that state held:

"Where a will devises real estate to the widow for life or during widowhood, and there is a subsequent general direction that after the death of the wife the property shall be equally divided among the testator's children, the children are not entitled to partition until the particular estate of the wife is extinguished by her death or remarriage." *Dee v. Dee*, 212 Ill. 338; *Heininger v. Meissmer*, 261 Ill. 105.

The rule stated is based on sound principles. The will involved in the present suit was duly probated and the valid devises therein are binding on devisees who assert rights thus created. Partition of land, if resisted by tenants in common, should not be awarded at the suit of a devisee in violation of a valid restriction in the testamentary devise under which he claims. Plaintiffs, therefore, cannot com-

·826      NEBRASKA REPORTS.     [VOL. 114

pel defendants to submit to a partition to which they object. It follows that the judgment of dismissal in the district court was free from error.

AFFIRMED.

Note—See Partition, 30 Cyc. 185 n. 54; 14 A. L. R. 1240; 20 R. C. L. 718.