JOLENE GUSTAFSON ET AL., APPELLEES, V. ERMA E. GUSTAFSON ET AL., APPELLEES, JAMES L. GUSTAFSON ET AL., APPELLANTS.

476 N.W.2d 819

Filed November 8, 1991.   No. 89-484.

Stanford L. Sipple, of DeCamp Legal Services, P.C., for appellants.

Ronald D. Lahners, U.S. Attorney, and Sally R. Johnson for appellee United States.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

In this partition action, the trial court found the U.S. Government's tax lien to be superior to any interest the appellant James L. Gustafson and his successors in interest claim in the proceeds of the sale of the partitioned real estate. We affirm the judgment of the district court for Harlan County.

A partition action is an action in equity and is reviewable by this court de novo on the record. *Sherman v. Schulz*, 220 Neb.

375, 370 N.W.2d 123 (1985).

Appellant Gustafson obtained part of his interest in the partitioned real estate, located in Harlan County, from the estate of his father. By purchase, he acquired additional outstanding interests in the partitioned real estate.

Two owners of partial interests in the real estate filed this partition action. When the real estate could not be physically partitioned without prejudice to some of the parties, the trial court ordered it sold and the proceeds of the sale divided. In addition to Gustafson, the other appellant in this appeal is the defendant Melvin D. Bahensky. Whether he is appealing personally or as a trustee of the I. Dammann Trust, which was also named as a defendant in the partition action, is unclear from the record. At all times relevant, Melvin and Irene D. Bahensky have been trustees of the I. Dammann Trust. At the time the partition action was filed, the trust owned financing and security interests in the crops on some of the land that was later partitioned. In the trial court, neither Bahensky, in any capacity, nor Gustafson obtained the relief each now seeks in this court.

On February 24, 1982, the appellant Bahensky, in an unrelated lawsuit, personally obtained a $75,462.34 judgment against the appellant Gustafson. On January 4, 1983, Melvin and Irene Bahensky, in still another unrelated lawsuit, personally obtained a $26,072 judgment against the appellant Gustafson. Both judgments were obtained in Buffalo County. At all times relevant herein, the judgments were on file in the district courts for both Harlan and Buffalo Counties. Each judgment encumbered all of the interests Gustafson had in the subject real estate.

On October 16, 1984, the U.S. Government filed a federal tax lien for $172,763.41, plus penalties, interest, and costs against Gustafson's real estate interests. One day later, by quitclaim deed, Gustafson and his wife, Janis A. Gustafson, transferred to Melvin D. Bahensky and Irene D. Bahensky, *as trustees of the I. Dammann Trust*, all of their interest in the real estate which was later partitioned. The quitclaim deed recited that the consideration for the transfer was the "[p]artial cancellation of debt."

The parties stipulated that Gustafson also made a $35,345.50 judgment payment on October 17, 1987 (sic). On October 24, 1984, the Bahenskys caused to be filed in the district court for Buffalo County satisfactions and releases of their judgments against Gustafson, which satisfactions and releases had been prepared and signed by their lawyer. According to a stipulation, Melvin Bahensky and Melvin and Irene Bahensky, respectively, filed the satisfactions and releases of judgments with the district court for Buffalo County.

On November 4, 1985, two heirs of the deceased Albert Gustafson filed their suit for partition of the subject real estate. The petition named, among others, James L. Gustafson and his wife, the Bahenskys, the I. Dammann Trust and the United States of America as defendants. Following the appointment of a referee, and after receiving the referee's report and holding a hearing, the trial court determined the shares of each party in the real estate involved in the partition action. The court then ordered that the real estate be sold and the proceeds distributed, except that the court reserved ruling on the priority of the U.S. tax lien and any alleged lien of the Bahenskys. Later, the court decreed that the United States held a valid tax lien against the interest James Gustafson had in the real estate that he and his wife transferred to the Bahenskys as trustees of the I. Dammann Trust. On July 8, 1988, the court found and ordered that

> the judgments of Melvin D. Bahensky and Irene D. Bahensky were released by them and they have neither pled nor proved why those releases should be rescinded and the judgment liens reinstated, and that therefor the Referee should be and hereby is directed to distribute all of the proceeds derived from the sale of the share of the said James L. Gustafson together with any interest which has accumulated thereon to The United States of America
> . . . .

On appeal, the appellants claim that the Bahenskys' personal judgment liens against Gustafson's interest in the partitioned real estate were superior to the federal tax lien, even though the Bahenskys filed a satisfaction and release of judgment as to each judgment. The United States contends that the

satisfactions and releases of judgments filed by the Bahenskys extinguished the judgment liens, and therefore the federal tax lien advanced to a position superior to any interest held by the appellants.

Appellants argue that the execution and delivery of the quitclaim deed executed and delivered by Gustafson and his wife to the Bahenskys created a security interest which preserved the judgment liens of the Bahenskys. Had they not been satisfied and released, the Bahenskys' judgment liens would have had priority over the tax lien of the federal government. There is no merit to the Bahenskys' claim that the quitclaim deed created a security interest. A quitclaim deed by its nature is an instrument of transfer whereby the grantor transfers only the interest the grantor has in the property at the time of the conveyance. See *Smith v. Berberich*, 168 Neb. 142, 95 N.W.2d 325 (1959). There is nothing in the quitclaim deed to indicate that it was intended to be a security interest for the Bahenskys' personal judgments. The fact that the quitclaim deed recited that the consideration for the deed was "[p]artial cancellation of debt" negates any theory that the execution and delivery of the quitclaim deed was intended as a security interest for the Bahenskys' personal judgments or for the renewal of a security interest, as the appellants claim. The Bahenskys' conduct in accepting and filing the quitclaim deed as trustees of the I. Dammann Trust, and their conduct in causing the filing of their personal satisfactions and releases, thereby extinguishing their judgment liens, is controlling evidence that the quitclaim deed from the Gustafsons naming the Bahenskys in their capacities as trustees of the I. Dammann Trust as grantees was never intended to be a security agreement running to the Bahenskys personally. In satisfying and releasing their personal judgments, the Bahenskys were acting through their lawyer.

Had the Bahenskys wanted to preserve their personal judgments through a security agreement, they should have insisted that they be personally named as secured parties in an instrument clearly stating that it was a security agreement. Instead, they accepted a quitclaim deed that named the Bahenskys, as trustees of the I. Dammann Trust, as the grantees. Not only did they accept a quitclaim deed naming

Melvin D. Bahensky and Irene D. Bahensky, trustees of the I. Dammann Trust, as grantees in 1984, but they also introduced into evidence a quitclaim deed which corrected a legal description in the 1984 quitclaim deed. The corrective deed from Gustafson and his wife was executed and filed July 24, 1987. It, too, named Melvin D. Bahensky and Irene D. Bahensky, as trustees of the I. Dammann Trust, as grantees. To preserve their personal judgment liens against Gustafson's interest in the subject real estate, the Bahenskys could have simply not filed any satisfaction or release of their judgments.

In advancing their position that their judgment liens were preserved by the 1984 quitclaim deed from Gustafson and his wife, the Bahenskys fail to separate their personal financial interests from their interests as trustees of the I. Dammann Trust. The interests are not one and the same. The quitclaim deeds transferred the interest of Gustafson and his wife to the Bahenskys as trustees of the I. Dammann Trust, while the judgment liens belonged to the Bahenskys personally, and they were extinguished by the Bahenskys' own acts.

The trial court decreed in its judgment in partition that the Bahenskys, *as the I. Dammann Trust trustees*, owned all of the interests in the partitioned land formerly owned by Gustafson and his wife. After the judgment was entered, the Bahenskys, *as trustees of the I. Dammann Trust*, filed a petition to enjoin the sale of the partitioned property. In that petition, the Bahenskys claimed that as trustees of the I. Dammann Trust, they were the owners of the interests in the partitioned land formerly owned by Gustafson and his wife. As trustees, they also claimed ownership of "potential" liens against the partitioned real estate. After the issue of the Bahenskys' judgment liens was decided by the court adversely to them, neither of the Bahenskys, as a trustee of the I. Dammann Trust, appealed the trial court's determination that the federal government was entitled to the proceeds from sale of what was originally Gustafson's interest in the partitioned land. The notice of appeal was signed only by Melvin D. Bahensky, without any designation of his trusteeship.

The Bahenskys, either personally or as trustees of the I. Dammann Trust, never pled or proved why their satisfactions

and releases of judgments should be rescinded and the judgment liens reinstated. A party who seeks to avoid the legal effect of a release has the burden of pleading and proving facts which entitle that party to relief. See *Watmore v. Ford*, 229 Neb. 121, 425 N.W.2d 612 (1988), *overruled on other grounds*, *Landon v. Pettijohn*, 231 Neb. 837, 438 N.W.2d 757 (1989).

On de novo review, we hold that the Gustafsons' quitclaim deed, which was delivered to the Bahenskys as trustees of the I. Dammann Trust, did not create or preserve a security interest in favor of the Bahenskys, in any of their capacities.

The judgment of the trial court is affirmed.

AFFIRMED.