BERNARD J. MORELLO, APPELLANT, V. LAND REUTILIZATION
COMMISSION OF THE COUNTY OF DOUGLAS, NEBRASKA,
DEFENDANT AND THIRD-PARTY PLAINTIFF, APPELLEE,
AND DOUGLAS COUNTY, NEBRASKA, A POLITICAL
SUBDIVISION, THIRD-PARTY DEFENDANT, APPELLEE.
659 N.W.2d 310

Filed April 11, 2003. No. S-02-478.

W. Craig Howell, of Howell & Wilson, P.C., L.L.O., for appellant.

William T. Ginsburg for appellee Land Reutilization Commission.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## NATURE OF CASE

Bernard J. Morello purchased real estate from the Land Reutilization Commission of the County of Douglas, Nebraska

(LRC). Subsequently, the City of Omaha (City) condemned the property purchased by Morello, and it was ultimately determined that Douglas County (County) owned the property in question, not Morello. Morello commenced this action against the LRC for damages and other relief. The district court granted summary judgment in favor of the LRC, and Morello appeals.

## SCOPE OF REVIEW

■ When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Nauenburg v. Lewis, ante* p. 89, 655 N.W.2d 19 (2003).

## FACTS

A more detailed statement of the facts surrounding this case is set forth in *City of Omaha v. Morello*, 257 Neb. 869, 602 N.W.2d 1 (1999). We set forth only those facts which are relevant to this appeal.

On June 10, 1988, the County initiated a tax foreclosure action against Father Flanagan's Boys' Home (Boys Home) for delinquent taxes on property owned by the Boys Home. Numerous parcels of real estate, including the tracts in question (24A and 24B), were offered for sale by the Douglas County treasurer, but were not sold and were subject to foreclosure. On October 24, the Boys Home executed and delivered to the County a quitclaim deed regarding tracts 24A and 24B.

On November 10, 1988, the district court for Douglas County entered a decree of foreclosure which included tracts 24A and 24B because the County had failed to remove the tracts from the foreclosure proceeding. The County recorded its quitclaim deed from the Boys Home on April 19, 1989. On June 20, the district court was requested to enter an order for a sheriff's sale of tracts 24A and 24B. The property was then sold to the LRC on July 26. On September 12, 1991, an order confirming the sale was entered, and subsequently, a sheriff's deed was delivered to the LRC. The LRC then sold the property to Morello and delivered to him a special warranty deed on October 30.

On July 23, 1996, the City filed an action seeking to condemn the interests of both the County and Morello. The final report of

the appraisers awarded $56,500 for tract 24A and $3,500 for tract 24B. The City appealed to the district court, alleging that the award was excessive. Morello filed an answer and counterclaim, and the County filed an answer and cross-appeal. On June 11, 1998, the district court entered a partial summary judgment in favor of the County, finding that the County remained the titleholder of the tracts in question. We affirmed. See *id.* We concluded, inter alia, that the property was erroneously sold at the foreclosure sale and that since the property was owned by the County, the transfer to the LRC under the foreclosure sale was void.

On March 10, 2000, Morello commenced this action against the LRC, alleging that he took title to the property in reliance upon the special warranty deed issued by the LRC. He claimed that once he became involved in litigation with the City and the County, the special warranty deed obligated the LRC to defend him. Morello sought recovery of the value of his investment, which he claimed was not less than $225,000. In the alternative, Morello claimed that the LRC was liable for the purchase price of the real estate, interest, and a subsequent increase in value, for a total of $230,000.

The district court granted the LRC's motion for summary judgment. It concluded that under the special warranty deed, the LRC was not obligated to defend Morello in the condemnation proceedings because the defect in title arose under or due to the actions of a prior owner of the property. Morello timely appealed.

## ASSIGNMENT OF ERROR

Morello asserts that the district court erred in sustaining the LRC's motion for summary judgment.

## ANALYSIS

The LRC was created by the Land Reutilization Act, Neb. Rev. Stat. § 77-3201 et seq. (Reissue 1990). It is a public corporation acting in a governmental capacity and is a political subdivision of the State of Nebraska. It is clothed with the authority necessary for the effective management, sale, transfer, and other disposition of real estate acquired under and by virtue of the foreclosure of a lien for delinquent real estate taxes. See § 77-3201. The LRC is

charged with fostering the public purpose of returning land which is in a non-revenue-generating, non-tax-producing status to effective utilization in order to provide housing, new industry, and jobs for the citizens of the county and new tax revenue for such county. *Id.*

If at a tax foreclosure sale, there is no bid equal to the full amount of the tax bills included in the judgment, interest, penalties, fees, and costs, then the LRC is deemed to have bid the full amount of all the tax bills included. See § 77-3211(1). If there are no other bids received by the sheriff in excess of that amount, then the bid of the LRC is accepted. *Id.*

After the LRC has obtained title to real estate, it has the option of either selling the real estate through a bidding process or transferring it to a governmental agency for public use. It has the authority to convey title to the real estate by either general or special warranty deed. See § 77-3205(2).

Tracts 24A and 24B were acquired by the LRC through a foreclosure sale for a bid of $206.62. After the sale was confirmed, a sheriff's deed to the property was delivered to the LRC pursuant to § 77-3205(2). The LRC then conveyed the property to Morello by special warranty deed. The deed provided in part:

> *LAND REUTILIZATION COMMISSION OF THE COUNTY OF DOUGLAS, NEBRASKA* ("Grantor"), in consideration of the sum of <u>FIVE HUNDRED AND NO/100</u> . . . DOLLARS, in hand paid by <u>BERNARD J. MORELLO</u> . . . does hereby specially Grant, Bargain, Sell and Convey unto the said Grantee the following described premises . . . .
>
> [S]aid Grantor hereby specially covenants that said premises are free and clear of all liens and encumbrances . . . and it does hereby covenant to SPECIALLY WARRANT AND DEFEND the said premises against the lawful claims and demands of all persons claiming by, through, or under it, and against no other claims or demand.

Morello claims the special warranty deed to tracts 24A and 24B obligated the LRC to defend him in the condemnation proceedings brought by the City. In support of his assignment of error, Morello argues that the district court's ruling misplaced the statutory role of the LRC and the intent of an LRC special

warranty deed. Morello claims that the district court, by doing so, created a de facto quitclaim deed contrary to the statutory authority granted to the LRC.

Morello argues that if the LRC is required to defend only against defects that occur during the time the LRC held the title, such a construction would make the deed a quitclaim deed in substance, even though it might be a special warranty deed in form. He argues that the district court's construction of the deed rendered it a quitclaim deed and that, therefore, the court erred because § 77-3205 does not permit the LRC to convey property by quitclaim deed.

Morello contends that the Legislature intended the special warranty deed to warrant against defects that occur not only during the time that the LRC holds title to property but also during the time that the County holds title. He claims that the law does not allow the LRC to limit its liability to the interest it possesses as the grantor and that in order for a special warranty deed to have meaning, it must go beyond the LRC's interest as a grantor and contemplate defects created by the County. Morello also asserts that the statutory process in which the LRC was created does not involve an arms-length transaction and merely provides a default mechanism whereby the County deeds the land to another governmental entity that serves to dispose of the land.

The LRC and the County are not one. As a political subdivision of the State of Nebraska, the LRC is a separate and distinct entity from the County. Although it is the function of the LRC to dispose of tax-delinquent real estate and part of the purpose for such disposal is to create new tax revenue for the County, the LRC is a separate body. See § 77-3201.

The legal issue is whether a special warranty deed as referred to in § 77-3205(2) warrants the title to real estate against title defects that occur after the County obtains the title or after the LRC obtains the title through a foreclosure sale. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Nauenburg v. Lewis, ante* p. 89, 655 N.W.2d 19 (2003). In our examination of the special warranty deed, we find nothing which suggests that it was intended to be a quitclaim

deed, and Morello has not demonstrated that the deed was intended to warrant against defects occurring before the LRC secured title to the property.

We have not previously considered the definition of a special warranty deed, and it has not been defined by the Legislature. In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. *Henderson v. Henderson*, 264 Neb. 916, 653 N.W.2d 226 (2002). Thus, it is apparent that a special warranty deed, as referred to in § 77-3205, is a different instrument from a general warranty deed. In order to determine the manner in which the two instruments differ, we have consulted the following authorities:

In 11 Thompson on Real Property § 94.07(b)(2)(i) at 390 (David A. Thomas 2d ed. 2002), it is stated in part:

> The covenants in grant deeds are more or less the same as those contained in special warranty deeds. Grantors of special warranty deeds and grant deeds do not promise that they are the true owner of the property or that they will protect the grantees against all claims of superior or paramount title. They only promise that no title defects have arisen or will arise due to the acts or omissions of the grantor. They promise that no one claiming by, through, or under the grantor will be able to assert a title superior to the covenantee's title.

(Emphasis omitted.) "If, in the deed, the grantor assures the grantee that there are no defects in the title whatsoever, no matter how, when, or by whom they may arise, the deed is known as a general or full warranty deed." 14 Richard R. Powell & Michael Allan Wolf, Powell on Real Property § 81A.03[1][b][ii] at 81A-28 (2000). See, also, *Rosenblum v. Eisenhauer*, 29 Conn. Supp. 216, 280 A.2d 537 (1971).

> A deed in which covenants are limited to defects which arise by, through, or under the actions of the grantor is known as a special warranty deed. Under this limited form of warranty, recovery is available only if the defect arises because of the acts of the grantor. In such a case, if the defect is based on events which occurred while the property was in the hands of a prior titleholder, then the grantee will have to look to the covenants, if any, contained in the

deed from a prior titleholder, and cannot recover against the immediate grantor.

14 Powell & Wolf, *supra*, § 81A.03[1][b][iii] at 81A-28.

The Nebraska Real Estate Practice Manual provides in part:

> In a special warranty deed, the grantor agrees that grantor and grantor's heirs will warrant and guarantee the title to the property to the grantee and the grantee's heirs and assigns against all persons claiming by, through, or under the grantor or grantor's heirs. But unlike a general warranty deed, grantor does not warrant against defects in the title that existed before grantor was deeded the property.

Jeffery T. Peetz, Deeds, in Nebraska Real Estate Practice Manual, ch. 13, § 2(c) at 13-2 (Neb. Cont. Legal Educ., 1995). Thus, a special warranty deed is distinguishable from a general warranty deed in that the grantor of a special warranty deed "does not warrant against defects in the title that existed before grantor was deeded the property." See *id.*

It is also clear that a special warranty deed is not a quitclaim deed. In *Gustafson v. Gustafson*, 239 Neb. 448, 451, 476 N.W.2d 819, 821 (1991), we stated: "A quitclaim deed by its nature is an instrument of transfer whereby the grantor transfers only the interest the grantor has in the property at the time of the conveyance." In 14 Powell & Wolf, *supra*, § 81A.03[1][c] at 81A-29, a quitclaim deed is described in the following manner:

> Under a quitclaim deed, the grantor does not purport to "convey" the property to the grantee. Rather the grantor "quitclaims all right, title and interest the grantor may have in the property, if any," to the grantee. It is this language which distinguishes a quitclaim deed from all other deed forms. Under this form of deed, the grantor transfers only what interest he or she may have in the property at the time of conveyance. The grantor makes no assurance to the grantee that he or she actually has good title to, or even any interest at all in, the property and, accordingly, makes no covenants of title. The use of a quitclaim deed can be regarded as notice to the purchaser that there may be outstanding equities against the grantor's title, and can thus cause the purchaser to be denied the benefit of bona fide purchaser status.

Since tracts 24A and 24B were conveyed by a special warranty deed, the LRC did not warrant that it was the true owner of the property. It only warranted that no title defects had arisen or would arise due to the acts or omissions of the LRC. Pursuant to a special warranty deed, recovery is available only if the defects arose because of the acts of the grantor. If a defect is based on events which occurred while the property was in the hands of a prior titleholder, then the grantee cannot recover against the immediate grantor. See 14 Powell & Wolf, *supra*, § 81A.03[1][b][iii].

It is undisputed that the defect in the title to tracts 24A and 24B was not based on events which occurred while the property was in the hands of the LRC. Therefore, the LRC was not required to defend Morello against the defects that occurred prior to the time the LRC obtained title to the property.

## CONCLUSION

The LRC conveyed property to Morello by special warranty deed and therefore was not required to defend Morello in litigation with the City and the County because any defects in the title occurred prior to the time the property was conveyed to the LRC. The district court did not err in granting summary judgment in favor of the LRC. We therefore affirm the judgment of the district court.

AFFIRMED.