NANA NELL CHANNER AND CARROLL CHANNER, WIFE AND
HUSBAND, APPELLANTS, V. JANET E. CUMMING AND
LONNIE R. CUMMING AND PHYLLIS CUMMING,
HUSBAND AND WIFE, APPELLEES.

699 N.W.2d 831

Filed July 22, 2005.   Nos. S-04-478, S-04-489.

Brian F. Beckner for appellants.

Jason D. Mielak, of Milbourn, Fehringer, Kessler & Mielak, P.C., L.L.O., for appellees Lonnie R. Cumming and Phyllis Cumming.

Stephen C. Hansen, of Sipple, Hansen, Emerson & Schumacher, P.C., for appellee Janet E. Cumming.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Appellants Nana Nell Channer and Carroll Channer filed two separate partition actions. Case No. S-04-478 was filed in the district court for Platte County, Nebraska. Case No. S-04-489 was filed in the district court for Boone County, Nebraska. The named defendants in both cases are appellees Janet E. Cumming and husband and wife, Lonnie R. Cumming and Phyllis Cumming. Appellants filed an appeal from adverse judgments in both cases. The two cases were consolidated on appeal for purposes of oral argument. Given the similarity of the facts and issues in these cases, this court, on its own motion, hereby consolidates these cases for purposes of opinion and disposition.

Nana Nell, Janet, and Lonnie are the adult children of Roy and Esther Cumming, both of whom are deceased. In their various estate-related documents (estate documents), Roy and Esther, inter alia, gave Nana Nell and Janet each an undivided one-half interest in 320 acres of farmland, consisting of 160 acres in Platte County and 160 acres in Boone County (collectively subject property). The estate documents provided, however, that Lonnie had a first right to buy the subject property in the event the land was to be sold. After a dispute arose between Nana Nell and Janet over leasing the subject property to a tenant farmer, appellants filed the instant partition actions, seeking court orders dividing the subject property or, alternatively, ordering the property to be sold in the event an equitable division could not be made. On cross-motions for summary judgment, each district court sustained appellees' respective motion and dismissed appellants' complaint as premature. Both district courts ruled that before appellants could maintain their partition action, Lonnie had to first be afforded an opportunity to buy the subject property.

Contrary to the district courts' rulings, as explained more fully below, it is the law in Nebraska that a joint owner of real property generally has a right to seek partition and that if the real property cannot be partitioned in kind, then thereafter, a partition by sale may be directed, at which a holder of a first opportunity to buy may exercise his or her rights. Thus, the district courts' determinations, that Lonnie's first right to buy the land restricted appellants' ability to maintain a partition action and that such

first right to buy had to be exercised before appellants could bring their partition action, were error. Accordingly, we reverse the judgments of the district courts and remand the causes for further proceedings consistent with this opinion.

## STATEMENT OF FACTS

The following facts are essentially undisputed: Nana Nell and Janet each own an undivided one-half interest in the subject property, described as follows: 160 acres, consisting of the Northeast Quarter (NE¼) of Section Thirty-three (33), Township Nineteen (19) North, Range Four (4) West of the 6th P.M., Platte County; and 160 acres, consisting of the Southeast Quarter (SE¼) of Section Twelve (12), Township Eighteen (18) North, Range Six (6), West of the 6th P.M., Boone County. Nana Nell and Janet received their respective interests from their mother Esther's will and their father Roy's trust. Under the terms of the "Last Will and Testament of Esther M. Cumming," Esther conveyed an undivided one-half interest in the subject property to Nana Nell and Janet, "subject, however, to the restriction that if my daughters . . . desire to sell this land, they must give my son, Lonnie R. Cumming, first opportunity to buy it." Under the terms of the Roy G. Cumming Trust, Roy conveyed an undivided one-half interest in the subject property to Nana Nell and Janet, "subject, however, to the restriction that if my daughters . . . desire to sell this land, they must give my son, Lonnie R. Cumming, first opportunity to buy it." Thus, both of these estate documents contained identical language granting Lonnie a "first opportunity to buy" the subject property in the event the land is sold.

In May 2003, after Nana Nell and Janet were unable to agree on a tenant to lease the subject property, appellants filed the instant partition actions, filing essentially the same complaint in both actions. Although not controlling, we note that the parties agree that Nana Nell did not offer to sell the subject property to Lonnie prior to filing the partition actions. In paragraph 6 of the complaint, appellants alleged as follows: "Plaintiff Nana Nell Channer is entitled to partition of the real estate and to its sale if an actual division of the real estate cannot be equitably made." This allegation filed by Nana Nell is consistent with the partition

procedure pursuant to which an in-kind partition is explored before a sale.

In each of the partition actions, the parties filed cross-motions for summary judgment, which came on for evidentiary hearings. The evidence offered in support of the motions was essentially the same in both district courts and consisted primarily of several affidavits. In separate orders filed March 22, 2004, both district courts sustained appellees' motions for summary judgment, over-ruled appellants' motions for summary judgment, and dismissed the actions.

In its order, the district court for Platte County determined that the "first opportunity to buy" language contained in the estate documents "serve[d] as a temporary suspension of the right to partition the subject [property] until Lonnie is afforded a reasonable first opportunity to buy the same." The Platte County district court further stated that the order "is not intended to bar a subsequent partition action if . . . good faith compliance with the restrictive language [with regard to the 'first opportunity to buy'] is accomplished." Similarly, the district court for Boone County determined that the "first opportunity to buy" language served as a "temporary suspension" on appellants' right to partition and that as a result, appellants' partition action was "premature as a matter of law."

Appellants filed appeals from the district courts' separate orders.

## ASSIGNMENTS OF ERROR

Appellants assign two errors, essentially claiming that the "first opportunity to buy" language is unenforceable or, in the alternative, that if such language is enforceable, it can ultimately be satisfied in a sale of the subject property.

## STANDARDS OF REVIEW

A partition action is an action in equity and is reviewable by an appellate court de novo on the record. *Gustafson v. Gustafson*, 239 Neb. 448, 476 N.W.2d 819 (1991). On appeal from an equity action, an appellate court tries factual questions de novo on the record and, as to questions of both fact and law, is obligated to reach a conclusion independent of the conclusion

reached by the trial court. *Detter v. Miracle Hills Animal Hosp.*, 269 Neb. 164, 691 N.W.2d 107 (2005).

Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Olson v. Le Mars Mut. Ins. Co.*, 269 Neb. 800, 696 N.W.2d 453 (2005). When adverse parties have each moved for summary judgment and the trial court has sustained one of the motions, the reviewing court obtains jurisdiction over both motions and may determine the controversy which is the subject of those motions or make an order specifying the facts which appear without substantial controversy and direct such further proceedings as the court deems just. *Id.*

## ANALYSIS

*Appellants Have a Right to Bring Their Partition Actions.*

In the instant cases, appellants filed appeals from the district courts' rulings that sustained appellees' motions for summary judgment and dismissed their partition actions. The district courts determined that as a result of the "first opportunity to buy" language in the estate documents, appellants' partition actions were premature. Appellants challenge those rulings. For reasons other than those articulated by appellants in their briefs, we conclude that appellants had a right to bring their partition actions and that the district courts erred in dismissing appellants' partition actions. Accordingly, we reverse the district courts' orders sustaining appellees' motions for summary judgment and dismissing appellants' complaints and remand the causes for further proceedings consistent herewith.

Initially, we note that the purpose of a partition action is to divide a jointly owned interest in real property so that each owner may enjoy and possess in severalty. *Dixon v. Dixon*, 189 Neb. 212, 202 N.W.2d 180 (1972); *Hartman v. Drake*, 166 Neb. 87, 87 N.W.2d 895 (1958). This court has long recognized that when " 'a case is fairly brought within the law authorizing a partition, the right to partition is imperative and absolutely binding upon courts of equity. . . . To invoke this equitable remedy is a matter

of right, and not of mere grace.' " *Oliver v. Lansing*, 50 Neb. 828, 836-37, 70 N.W. 369, 371 (1897) (quoting *Hill v. Reno et al.*, 112 Ill. 154 (1883)). Accord *Yunghans v. O'Toole*, 199 Neb. 317, 321, 258 N.W.2d 810, 813 (1977) (stating that "[o]nce joint title in real estate has been established, partition may be had as a matter of law").

In ruling that appellants' partition actions were premature, both district courts relied upon *Peterson v. Damoude*, 98 Neb. 370, 152 N.W. 786 (1915), in which this court affirmed a lower court's ruling dismissing a partition action as premature when, under the terms of a will devising property, the testator provided that the " 'real estate . . . not be disposed or divided . . . prior to' " a specific date. Similarly, in *Wenzel v. Wenzel*, 174 Neb. 61, 69, 115 N.W.2d 788, 793 (1962), we affirmed the trial court's dismissal of a partition action when the will devising the property contained a provision which essentially prohibited the disposal or the division of the real property for 5 years, stating that while "[o]rdinarily, the right to partition property is one of right and not a matter of grace[, t]he right to partition . . . may be restricted by the terms of a testator's will where the restriction is reasonable." See, also, *Freeland v. Andersen*, 114 Neb. 822, 211 N.W. 167 (1926) (enforcing on appeal testamentary restriction on partition which restriction lasted for life of testator's widow). In each of these cases, the estate document devising the property contained a restriction that effectively prohibited the disposal or the division of the real property for a reasonable quantifiable time period, and thus, a partition action brought before the expiration of that time period was deemed premature.

In contrast to these decisions, however, the estate documents under which title of the subject property was conveyed to Nana Nell and Janet do not contain a temporal restriction on the division or disposal of the subject property. Instead, the controlling estate documents convey the subject property to Nana Nell and Janet while also recognizing the potentiality of a sale. Both estate documents contain the following language: "[I]f my daughters . . . desire to sell this land, they must give my son, Lonnie R. Cumming, first opportunity to buy it." Thus, unlike the defined restrictions on the disposal or the division of real property contained in *Peterson* and *Wenzel*, the estate documents in the instant

cases do not preclude a sale at Nana Nell's or Janet's insistence. Rather, as we discuss in greater detail below, the estate documents grant to Lonnie a first right to buy the subject property in the event the property is sold.

■ The interpretation of the words in a will or trust is a question of law. See, *In re Estate of Johnson*, 260 Neb. 91, 615 N.W.2d 98 (2000); *Smith v. Smith*, 246 Neb. 193, 517 N.W.2d 394 (1994). A partition action is an action in equity and is reviewable by an appellate court de novo on the record. *Gustafson v. Gustafson*, 239 Neb. 448, 476 N.W.2d 819 (1991). On appeal from an equity action, an appellate court, as to questions of law, is obligated to reach a conclusion independent of the conclusion reached by the trial court. *Detter v. Miracle Hills Animal Hosp.*, 269 Neb. 164, 691 N.W.2d 107 (2005).

With the foregoing principles in mind, we conclude that nothing in the language of the estate documents at issue in these cases restricts Nana Nell's or Janet's right to partition the subject property. We conclude that both district courts erred as a matter of law in interpreting the "first opportunity to buy" language contained in the estate documents as a restriction on appellants' right to bring an action to partition the subject property. Because the estate documents contain no restriction on appellants' right to bring a partition action, the district courts erred in sustaining appellees' motions for summary judgment and dismissing the respective complaints.

*Lonnie's First Right to Buy the Subject Property May Be Exercised if a Partition Sale Is Ordered.*

Despite our determination that the "first opportunity to buy" language does not preclude appellants from filing their partition actions, we are mindful that under Nebraska law, the proceedings in these partition actions could lead to an eventual sale of the subject property. An appellate court may, at its discretion, discuss issues unnecessary to the disposition of an appeal when those issues are likely to recur during further proceedings. *Curry v. Lewis & Clark NRD*, 267 Neb. 857, 678 N.W.2d 95 (2004). Accordingly, we consider the effect of the expression "first opportunity to buy" in the estate documents, and we conclude that in the event the district courts order a partition sale of the subject property and not a partition in kind, Lonnie must first be

given, in accordance with the terms of the estate documents, a right to buy the subject property. This conclusion is indicated by Nebraska statutes and case law.

In summary, Nebraska's partition procedure is set forth in Neb. Rev. Stat. § 25-2170 et seq. (Reissue 1995 & Cum. Supp. 2004). Under § 25-2170.01, a joint owner of any real estate may compel a partition of the real estate. The statute authorizes the district court to appoint a referee or referees, "to make partition into the requisite number of shares." § 25-2180. Section 25-2181 provides that if the referee so appointed determines that the property cannot be partitioned in kind, he or she shall make a report to that effect to the district court. Section 25-2183 provides that if, after appointment of a referee, it is determined that partition in kind cannot be made without great prejudice, the district court may order the property sold.

Thus, under Nebraska's partition statutes, the partition of the subject property may take one of two forms: (1) partition in kind, where the property is physically divided, or (2) partition in sale, where the property is sold and the sale proceeds are divided. See, also, 59A Am. Jur. 2d *Partition* § 2 (2003). We note that consistent with the above-discussed statutory scheme, this court has long expressed a preference for partition in kind. We have stated:

> "As between a partition in kind or sale of land for division, the courts will favor a partition in kind, since this does not disturb the existing form of inheritance or compel a person to sell his property against his will, which, it has been said, should not be done except in cases of imperious necessity."

*Trowbridge v. Donner*, 152 Neb. 206, 213, 40 N.W.2d 655, 660 (1950) (quoting 47 C.J. *Partition* § 436 (1929)). See, also, *Nordhausen v. Christner*, 215 Neb. 367, 372, 338 N.W.2d 754, 757 (1983) (stating that "the presumption in favor of partition in kind does still prevail in this jurisdiction").

In accordance with the statutes and case law, in paragraph 6 of their complaint, appellants first sought a partition in kind and sought to have the subject property sold only in the event the subject property could not be equitably divided. In view of the foregoing, on remand, each district court will appoint a referee or referees to review the portion of the subject property within its authority and report to the respective district court regarding

the proposed division of the same. If the referee or referees so appointed determine that the subject property cannot be divided and should be sold, then, as provided under Nebraska's partition statutes, a partition sale can be ordered by the district courts. Under the terms of the estate documents, however, Lonnie has been given a "first opportunity to buy" the subject property in the event of a sale. We now consider the effect of those terms in the event of a partition sale.

■ In *Winberg v. Cimfel*, 248 Neb. 71, 76-77, 532 N.W.2d 35, 39 (1995) (quoting 11 Samuel Williston, A Treatise on the Law of Contracts § 1441A (3d ed. 1968)), we stated that language such as "first rights to purchase" created a first right to buy, the effect of which was to limit the right of the owner to freely dispose of his or her property " 'by compelling [such owner] to offer it first to the party who has the first right to buy.' " We conclude that the expression "first opportunity to buy" in the estate documents in the instant cases creates a similar first right to buy, running in favor of Lonnie. Accordingly, the estate documents grant to Lonnie a first right to buy the subject property in the event of a sale.

We recognize that the district courts may ultimately order the sale of the subject property in these partition actions. Such sale would trigger Lonnie's first right to buy the subject property, and therefore, upon the happening of a partition by sale, Lonnie must be given the first right to buy the subject property.

## CONCLUSION

On this court's own motion, we have consolidated these cases for disposition. We conclude that both district courts erred as a matter of law in determining that the "first opportunity to buy" language contained in the estate documents restricted appellants' right to maintain a partition action. In accordance with Nebraska law, each district court shall appoint a referee or referees to report on the feasibility of partition in kind. If partition in kind is not viable, then we further conclude that as a result of the "first opportunity to buy" language in the estate documents, in the event the district courts order a partition sale, Lonnie must be given the first right to buy the subject property. Accordingly, we reverse the district courts' orders sustaining appellees' motions for summary

judgment and dismissing appellants' partition actions and remand the causes for further proceedings consistent herewith.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.