OPINION OF THE SUPREME COURT OF NEBRASKA

NOTICE: DUE TO UNFORESEEN CIRCUMSTANCES, THIS OPINION IS BEING POSTED
TEMPORARILY IN "SLIP" OPINION FORM. IT WILL BE REPLACED AT A LATER
DATE WITH AN "ADVANCE" OPINION, WHICH WILL INCLUDE A CITATION.

Case Title

STATE OF NEBRASKA ON BEHALF OF JA'QUEZZ G.,
A MINOR CHILD, APPELLANT,
V.
TEABLO P., DEFENDANT AND THIRD-PARTY PLAINTIFF, APPELLEE,
AND SASHA G., THIRD-PARTY DEFENDANT, APPELLEE.

Case Caption

STATE ON BEHALF OF JA'QUEZZ G. V. TEABLO P.

Filed April 15, 2016.    No. S-15-291.

Appeal from the District Court for Douglas County: KIMBERLY MILLER
PANKONIN, Judge. Reversed and remanded for further proceedings.

Sarah E. Preisinger, of Child Support Services, for appellant.

Marian G. Heaney and Katherine H. Owen, of Legal Aid of Nebraska, for appellee Teablo P.

STATE ON BEHALF OF JA'QUEZZ G. v. TEABLO P.

Filed April 15, 2016.   No. S-15-291.

1. **Appeal and Error.** An appellate court resolves questions of law and issues of statutory interpretation independently of the lower court's conclusion.

2. **Summary Judgment.** A motion for summary judgment shall be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

3. **Statutes: Appeal and Error.** In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. An appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

HEAVICAN, C.J., WRIGHT, CONNOLLY, MILLER-LERMAN, CASSEL, STACY, and KELCH, JJ.

WRIGHT, J.

## NATURE OF CASE

This case presents the question of what method of service of process upon the putative father is required in a paternity proceeding brought under Neb. Rev. Stat. § 43-1411 (Reissue 2008). The district court determined that personal service of process was required in an action for paternity, and because Teablo P. had not been personally served, it granted Teablo's motion for summary judgment and vacated the default judgment of paternity and support. The State appeals.

## BACKGROUND

Ja'Quezz G. is a minor child born out of wedlock and residing in the State of Nebraska. It is not disputed that Teablo is not Ja'Quezz' biological father, and there are no other material facts in dispute.

On September 28, 2008, Ja'Quezz' mother, Sasha G., completed a paternity questionnaire for the Nebraska Department of Health and Human Services. She affirmatively represented that she had not had sexual intercourse with any man other than Teablo either 2 months before or after the probable date of Ja'Quezz' conception. Based on that representation, the State of Nebraska sued Teablo on behalf of Ja'Quezz to establish paternity and an award for child support. The complaint was filed on December 12, 2008.

## NOTICE

The State attempted twice to have Teablo personally served with notice of the paternity proceeding at two different street addresses in Omaha, Nebraska, and on two separate dates: December 12, 2008, and January 29, 2009. Both attempts were unsuccessful. The service returns indicated that Teablo did not reside at either location.

Having been unsuccessful in its attempts to personally serve Teablo, the State elected to serve Teablo with notice of the paternity proceeding by certified mail. It did not request the court's permission to change the manner of service upon Teablo. On April 13, 2009, notice was mailed to a third address in Omaha. This was the address that Teablo had provided to his probation officer. At this address, Teablo's grandmother signed a return receipt indicating that she accepted delivery of the summons and complaint. In a subsequent proceeding to set aside the paternity and order for child support, Teablo filed a sworn statement stating that he was homeless and did not have an address of his own when the original complaint for paternity was filed.

## DEFAULT

On or about May 20, 2009, notice of a default hearing to be held on May 27 was sent to Teablo at the same address provided to his probation officer. The hearing was held, but Teablo did not appear. On May 29, the court entered a default order finding Teablo to be Ja'Quezz' father and requiring him to pay $91 per month in child support.

- 4 -

On January 7, 2010, Teablo, acting pro se, moved to vacate the "Order of Support." The motion did not contain a certificate of service and was never set for hearing. The motion identified Teablo's current address in Omaha. At an October 2012 contempt proceeding, Teablo requested genetic testing. The testing conclusively determined that Teablo was not Ja'Quezz' father.

On January 3, 2014, with the aid of counsel, Teablo filed a complaint to set aside the order of paternity and the award of child support. Teablo moved to vacate the order for lack of service. Teablo subsequently filed an amended motion to vacate the order, because the order was obtained as a result of the fraudulent misrepresentation to the State by Ja'Quezz' mother, Sasha.

On July 17, 2014, Teablo moved for summary judgment, alleging that no material facts were in dispute that Teablo was not properly served with notice of the paternity action. He claimed the order should be vacated as a matter a law on the ground that the district court lacked jurisdiction when the order was entered.

In support of that motion, Teablo argued that the applicable service statute, § 43-1411, required that defendants in paternity actions be provided with actual notice through personal service, and not by constructive notice by using another method of service. Teablo asserted that before service by another method other than personal service can be used in a paternity action, the party seeking alternative service must comply with Neb. Rev. Stat. § 25-517.02 (Reissue 2008), which states:

> Upon motion and showing by affidavit that service cannot be made with reasonable diligence by any other method provided by statute, the court may permit service to be made (1) by leaving the process at the defendant's usual place of residence and mailing a copy by first-class mail to the defendant's last-known address, (2) by publication, or (3) by any manner reasonably calculated under the circumstances to provide the party with actual notice of the proceedings and an opportunity to be heard.

Teablo asserted that the court never acquired jurisdiction over him, because he was not provided notice by personal service and because the State failed to obtain the court's permission before proceeding with service by another method of providing notice. As a result, Teablo claimed that the order establishing paternity and support was void. Teablo did not argue that summary judgment was appropriate on the issue whether the order should be vacated because it was obtained by fraud.

Teablo's motion for summary judgment was denied by the referee of the Douglas County District Court. Teablo timely filed his exception to the referee's report. After a hearing on Teablo's motion for summary judgment, the district court determined as a matter of law that § 43-1411 requires that the State either personally serve a putative father with notice of a paternity proceeding or receive approval from the court before attempting another method of service. Therefore, it concluded that the district court did not have jurisdiction when it entered the order establishing paternity and support, and it vacated that order. The State appeals.

ASSIGNMENTS OF ERROR

The State assigns, combined and restated, that the district court erred (1) in finding that service of process was not proper under § 43-1411 and Neb. Rev. Stat. § 25-508.01 (Reissue 2008) and (2) by granting equitable relief to Teablo when he has an adequate remedy under the law at Neb. Rev. Stat. § 43-1412.01 (Reissue 2008).

STANDARD OF REVIEW

[1] An appellate court resolves questions of law and issues of statutory interpretation independently of the lower court's conclusion.[1]

ANALYSIS

[2] The issue presented is whether the district court properly granted Teablo's motion for summary judgment. A motion for summary judgment shall be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[2] As noted, the parties agree on the material facts, but disagree whether Teablo was entitled to judgment as a matter of law. Specifically, the parties disagree whether Teablo was properly served with notice of the proceeding, such that the district court had personal jurisdiction over Teablo when it entered the order establishing paternity and support.

The Legislature has provided the method of service of process in paternity proceedings. Section 43-1411 provides, "Summons shall issue and be served as in other civil proceedings . . . ." Neb. Rev. Stat. § 25-505.01 (Reissue 2008) governs service in civil proceedings and, at the time relevant to this appeal, provided in part:

> (1) Unless otherwise limited by statute or by the court, a plaintiff may elect to have service made by any of the following methods:
> (a) Personal service which shall be made by leaving the summons with the individual to be served;
> (b) Residence service which shall be made by leaving the summons at the usual place of residence of the individual to be served, with some person of suitable age and discretion residing therein; or
> (c) Certified mail service which shall be made by (i) within ten days of issuance, sending the summons to the defendant by certified mail with a return receipt requested showing to whom and where delivered and the date of delivery, and (ii) filing with the court proof of service with the signed receipt attached.

[3] In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning.[3] An appellate court will not resort to interpretation to ascertain the

---

[1]  *Fox v. Whitbeck*, 280 Neb. 75, 783 N.W.2d 774 (2010).

[2]  *Roskop Dairy v. GEA Farm Tech.*, 292 Neb. 148, 871 N.W.2d 776 (2015).

[3]  *Shipler v. General Motors Corp.*, 271 Neb. 194, 710 N.W.2d 807 (2006); *Kimminau v. Uribe Refuse Serv.*, 270 Neb. 682, 707 N.W.2d 229 (2005); *Mason v. City of Lincoln*, 266 Neb. 399, 665 N.W.2d 600 (2003); *Morello v. Land Reutil. Comm. of Cty. of Douglas*, 265 Neb. 735, 659 N.W.2d 310 (2003).

meaning of statutory words which are plain, direct, and unambiguous.[4] The plain language of §§ 43-1411 and 25-505.01 shows the Legislature's intent that a putative father may be served by any one of the three methods listed in § 25-505.01.

The district court erred in concluding the language in § 25-505.01, "[u]nless otherwise limited by . . . the court," meant that the court must approve the method of service of process in cases involving a parent-child relationship. But although we have recognized that the parent-child relationship is afforded due process protection,[5] we have never held that due process requires that a party to a proceeding involving a parent-child relationship must be personally served with actual notice of those proceedings, as opposed to other methods of issuance of service of summons in civil proceedings.[6]

In determining whether due process requires that a putative father receive actual notice by personal service, the district court considered the factors outlined in the U.S. Supreme Court case *Mathews v. Eldridge*.[7] Those factors were generally to be considered in deciding what process was due a defendant, for example, in deciding whether a party was entitled to notice, a hearing, or appointed counsel.[8] But in determining whether the method used to give notice was constitutionally adequate, the U.S. Supreme Court has regularly turned to the test set forth in *Mullane v. Central Hanover Tr. Co.*[9]

In *Mullane*, the U.S. Supreme Court held that due process requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[10]

Under the circumstances herein presented, we conclude that the notice was reasonably calculated to apprise Teablo of the pendency of the paternity action. The notice was sent by certified mail to the address Teablo provided to his probation officer and was signed for by Teablo's grandmother at that address. Although Teablo claims he "was homeless and did not have an address of [his] own" at that time, due process does not require heroic efforts by the State in locating the defendant.[11]

Instead, "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it."[12] It is undisputed that the State attempted

---

[4] *24th & Dodge Ltd. Part. v. Acceptance Ins. Co.*, 269 Neb. 31, 690 N.W.2d 769 (2005); *Mitchell v. French*, 267 Neb. 656, 676 N.W.2d 361 (2004); *Mathews v. Mathews*, 267 Neb. 604, 676 N.W.2d 42 (2004); *Unisys Corp. v. Nebraska Life & Health Ins. Guar. Assn.*, 267 Neb. 158, 673 N.W.2d 15 (2004); *Salazar v. Scotts Bluff Cty.*, 266 Neb. 444, 665 N.W.2d 659 (2003).

[5] See *In re Interest of L.V.*, 240 Neb. 404, 482 N.W.2d 250 (1992).

[6] See § 25-505.01.

[7] *Mathews v. Eldridge*, 424 U.S. 319, 96 S. Ct 893, 47 L. Ed. 2d 18 (1976).

[8] *State v. Norman*, 282 Neb. 990, 808 N.W.2d 48 (2012); *Carroll v. Moore*, 228 Neb. 561, 423 N.W.2d 757 (1988).

[9] *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950).

[10] *Id.*, 339 U.S. at 314.

[11] See *Dusenbery v. United States*, 534 U.S. 161, 122 S. Ct. 694, 151 L. Ed. 2d 597 (2002).

[12] *Mullane v. Central Hanover & Tr. Co., supra* note 9, 339 U.S. at 315.

twice to personally serve Teablo at two different addresses. After those attempts failed, the State sent notice by certified mail to the address Teablo provided to his probation officer, and Teablo's grandmother signed for the notice. We find that the means employed by the State were permitted by statute and that the notice sent by certified mail was reasonably calculated to apprise Teablo of the pendency of the paternity action.

## CONCLUSION

Because the State complied with both § 43-1411 and due process, we find that service was proper and that the district court erred in granting summary judgment in favor of Teablo. We therefore reverse the judgment and remand the cause for further proceedings consistent with this opinion.

Because we reverse, and remand for further proceedings, we do not reach the State's assignment that the district court erred in granting equitable relief when Teablo has an adequate remedy under the law.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.